OWEN A. KLOTER, N.J. Bar I.D. No. 03462-2010
SICHENZIA ROSS FERENCE LLP
1185 Avenue of the Americas, 31st Floor
New York, New York 10036
Telephone:   (212) 930-9700
Facsimile:   (212) 930-9725
E-mail:   okloter@srf.law

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INNOVATIVE COSMETIC CONCEPTS, LLC, | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| SMFB LABS, LLC | |
| Defendant. | |

Plaintiff Innovative Cosmetic Concepts, LLC ("ICC" or "Plaintiff"), by and through its attorneys, Sichenzia Ross Ference LLP, alleges through this Complaint against defendant SMFB Labs, LLC ("SMFB" or "Defendant") (collectively, Plaintiff and Defendant are the "Parties") as follows:

## PRELIMINARY STATEMENT

1. This litigation concerns Defendant's inexcusable failure to pay Plaintiff's invoices dating back to December 16, 2020.

2. Plaintiff is a distributor of high quality cosmetic and personal care products with a principal place of business in New Jersey. Since Defendant's formation in 2019, ICC has regularly distributed cosmetic and personal care products to Defendant, through Defendant's fulfillment vendor in New Jersey, for which it has promptly, regularly, and accurately invoiced Defendant.

3. Defendant creates and distributes a line of cosmetics products under the name of Scott Barnes, a makeup artist and innovator within the cosmetics industry. To be able to accomplish this, Defendant needs the products supplied to it by ICC.

4. Since December 2020, and continuing throughout 2021 to the present, Defendant has repeatedly received ICC's products and materials, but has not paid ICC's invoices.

5. Now, Defendant owes ICC at least $308,490.37 on those invoices, exclusive of the 1.5% interest that has been accruing on each invoice because all of them are past due. ICC's inability to recoup Defendant's litany of unpaid bills has necessitated this lawsuit.

## THE PARTIES

6. ICC is a Delaware limited liability company with a principal place of business located at 399 Thornall Street, 8th Floor, Edison, New Jersey 08837. ICC is in the cosmetic and personal care manufacturing and wholesale businesses.

7. SMFB is a Delaware limited liability company with a principal place of business located in Torrance, California. SMFB is a creator and distributor of a line of cosmetic products under the name of Scott Barnes, a well-known makeup artist.

## JURISDICTION AND VENUE

8. Jurisdiction is proper as there is diversity of citizenship between ICC (with a principal place of business in New Jersey) and SMFB (with a principal place of business in California), and the amount in controversy exceeds $75,000.00, exclusive of costs and interest pursuant to 28 U.S.C. § 1332(a)(1) and (c)(1).

9. Venue is proper in the United States District Court, District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to ICC's claims occurred in New Jersey.

## GENERAL ALLEGATIONS

10. ICC has been supplying cosmetic products to Defendant since at least 2019.

2

11. On or about December 16, 2020, ICC delivered approximately $192,712.00 worth of products to the warehouse of Defendant's fulfillment vendor, Microbeaute ("Micro"), in Eatontown, New Jersey, on Defendant's behalf. On or about that date, ICC invoiced Defendant for the $192,712.00. **Exhibit 1**. Defendant did not dispute this balance. Over the ensuing thirteen (13) months, Defendant made seven (7) partial payments (in the amounts of $44,090.50, $5,000.00, $10,000.00, $10,000.00, $5,000.00, $5,000.00 and $5,000.00, respectively) towards this invoice, totaling $84,090.50. However, Defendant did not make further payments, leaving a balance due and owing to ICC thereon of $108,621.50, exclusive of interest.

12. On or about March 31, 2021, ICC delivered approximately $24,180.00 worth of products to Micro in Eatontown, New Jersey on Defendant's behalf. On or about that date, ICC invoiced Defendant for the $24,180.00. **Exhibit 2**. Defendant did not dispute this balance. However, Defendant did not make and has not made any payment to ICC on this invoice, leaving a balance due and owing to ICC thereon of $24,180.00, exclusive of interest.

13. On or about May 7, 2021, ICC delivered approximately $11,857.50 worth of products to Micro in Eatontown, New Jersey on Defendant's behalf. On or about that date, ICC invoiced Defendant for the $11,857.50. **Exhibit 3.** Defendant did not dispute this balance. However, Defendant did not make and has not made any payment to ICC on this invoice, leaving a balance due and owing to ICC thereon of $11,857.50, exclusive of interest.

14. On or about May 21, 2021, ICC delivered approximately $1,446.02 worth of products to Micro in Eatontown, New Jersey on Defendant's behalf. On or about that date, ICC invoiced Defendant for the $1,446.02. **Exhibit 4.** Defendant did not dispute this balance. However, Defendant did not make and has not made any payment to ICC on this invoice, leaving a balance due and owing to ICC thereon of $1,446.02, exclusive of interest.

15. On or about July 9, 2021, ICC delivered approximately $8,100.00 worth of products to Micro in Eatontown, New Jersey on Defendant's behalf. On or about that date, ICC invoiced

Defendant for the $8,100.00. **Exhibit 5.** Defendant did not dispute this balance. However, Defendant did not make and has not made any payment to ICC on this invoice, leaving a balance due and owing to ICC thereon of $8,100.00, exclusive of interest.

16. On or about July 12, 2021, ICC delivered approximately $20,815.20 worth of products to Micro in Eatontown, New Jersey on Defendant's behalf. On or about that date, ICC invoiced Defendant for the $20,815.20. **Exhibit 6.** Defendant did not dispute this balance. However, Defendant did not make and has not made any payment to ICC on this invoice, leaving a balance due and owing to ICC thereon of $20,815.20, exclusive of interest.

17. On or about August 11, 2021, ICC delivered approximately $2,595.00 worth of products to Micro in Eatontown, New Jersey on Defendant's behalf. On or about that date, ICC invoiced Defendant for the $2,595.00. **Exhibit 7.** Defendant did not dispute this balance. However, Defendant did not make and has not made any payment to ICC on this invoice, leaving a balance due and owing to ICC thereon of $2,595.00, exclusive of interest.

18. On or about August 13, 2021, ICC delivered approximately $37,471.25 worth of products to Micro in Eatontown, New Jersey on Defendant's behalf. On or about that date, ICC invoiced Defendant for the $37,471.25. **Exhibit 8.** Defendant did not dispute this balance. However, Defendant did not make and has not made any payment to ICC on this invoice, leaving a balance due and owing to ICC thereon of $37,471.25, exclusive of interest.

19. On or about October 8, 2021, ICC delivered approximately $17,472.00 worth of products to Micro in Eatontown, New Jersey on Defendant's behalf. On or about that date, ICC invoiced Defendant for the $17,472.00. **Exhibit 9.** Defendant did not dispute this balance. However, Defendant did not make and has not made any payment to ICC on this invoice, leaving a balance due and owing to ICC thereon of $17,472.00, exclusive of interest.

20. On or about November 2, 2021, ICC delivered approximately $51,390.40 worth of products to Micro in Eatontown, New Jersey on Defendant's behalf. On or about that date, ICC

invoiced Defendant for the $51,390.40. **Exhibit 10.** Defendant did not dispute this balance. However, Defendant did not make and has not made any payment to ICC on this invoice, leaving a balance due and owing to ICC thereon of $51,390.40, exclusive of interest.

21. On or about December 1, 2021, ICC delivered approximately $6,144.00 worth of products to Micro in Eatontown, New Jersey on Defendant's behalf. On or about that date, ICC invoiced Defendant for the $6,144.00. **Exhibit 11.** Defendant did not dispute this balance. However, Defendant did not make and has not made any payment to ICC on this invoice, leaving a balance due and owing to ICC thereon of $6,144.00, exclusive of interest.

22. On or about December 6, 2021, ICC delivered approximately $4,717.50 worth of products to Micro in Eatontown, New Jersey on Defendant's behalf. On or about that date, ICC invoiced Defendant for the $4,717.50. **Exhibit 12.** Defendant did not dispute this balance. However, Defendant did not make and has not made any payment to ICC on this invoice, leaving a balance due and owing to ICC thereon of $4,717.50, exclusive of interest.

23. On or about December 16, 2021, ICC delivered approximately $9,072.00 worth of products to Micro in Eatontown, New Jersey on Defendant's behalf. On or about that date, ICC invoiced Defendant for the $9,072.00. **Exhibit 13.** Defendant did not dispute this balance. However, Defendant did not make and has not made any payment to ICC on this invoice, leaving a balance due and owing to ICC thereon of $9,072.00, exclusive of interest.

24. On or about January 11, 2022, ICC delivered approximately $4,608.00 worth of products to Micro in Eatontown, New Jersey on Defendant's behalf. On or about that date, ICC invoiced Defendant for the $4,608.00. **Exhibit 14.** Defendant did not dispute this balance. However, Defendant did not make and has not made any payment to ICC on this invoice, leaving a balance due and owing to ICC thereon of $4,608.00.

25. Defendant now owes ICC a total of $308,490.37 with respect to the aforesaid unpaid invoices (the "Invoices"), exclusive of interest for distribution and delivery of each of the products,

and all of them, reflected in the Invoices (the "Products").

26. Each of the Invoices provides for 1.5% monthly interest on all past due invoices.

27. All of the Invoices are past due; therefore, Defendant owes ICC interest on all of the Invoices in addition to the unpaid amounts originally due thereunder.

28. Despite Defendant's failure to pay the Invoices, Defendant subsequently ordered additional products from ICC. While ICC prepared these additional products, which included special packaging, it has not delivered these goods because Defendant has indicated it will not pay the $58,817.00 invoice for same if they are delivered.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (Unjust Enrichment)

29. ICC repeats and re-alleges each and every allegation contained above as if fully set forth herein.

30. ICC duly provided the Products that Defendant had requested ICC provide in connection with the distribution of cosmetic and personal care products and the delivery of the same to Defendant's fulfillment vendor, Micro, in New Jersey, and the Products were ultimately delivered to Defendant for its use.

31. Defendant did not reject the Products.

32. Defendant did not request to use another supplier for the Products.

33. Defendant received all of the shipments of the Products.

34. Defendant benefitted from ICC's services and performances in connection with the distribution and delivery of the Products to Micro for Defendant's use, but Defendant has failed to pay the $308,490.37 (exclusive of interest) that is due and owing to ICC under the Invoices.

35. In the alternative, Defendant benefitted from ICC's performances in connection with the distribution and delivery of the Products to Micro for Defendant's use, but Defendant has retained that benefit—the Products—without compensating ICC for the fair value of the Products.

6

36. In light of the benefit Defendant has received, it would be against equity and good conscience to permit Defendant to retain the monies due and owing to ICC under the Invoices and which represent the value of the Products provided.

37. ICC has been damaged by Defendant's unjust retention of the monies due and owing to ICC under the Invoices, which total at least $308,490.37, together with interest thereon.

38. Accordingly, Defendant has been unjustly enriched by refusing to pay for the Products provided in the amount of $308,490.37, together with interest thereon.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (Accounts Stated)

39. ICC repeats and re-alleges each and every allegation contained above as if fully set forth herein.

40. Beginning on or about December 16, 2020, and continuing through on or about January 11, 2022, ICC provided the Products to Defendant.

41. ICC provided statements of account for the Products as reflected in the Invoices.

42. Defendant accepted the Invoices as true and accurate statements of their accounts with ICC.

43. Defendant retained the Invoices without objection.

44. Defendant made partial payments on certain of the Invoices, without indicating any objections to the total accounts stated.

45. Defendant has a combined total outstanding balance due and owing to ICC in the amount of $308,490.37, exclusive of interest.

46. Notwithstanding, Defendant has failed to pay the outstanding amount due and owing.

47. Defendant is indebted to ICC in the total amount of the accounts stated, amounting to $308,490.37, exclusive of interest.

48. Accordingly, ICC has sustained damages in the sum of $308,490.37, together with

interest thereon.

### AS AND FOR A THIRD CLAIM FOR RELIEF
(*Quantum Meruit*)

49. ICC repeats and re-alleges each and every allegation contained above as if fully set forth herein.

50. Beginning in or about December 2020, Defendant requested ICC supply it with personal care and cosmetic products.

51. Notwithstanding that the Parties did not enter into an exclusive agreement to provide the Products, ICC rendered its services to Defendant by delivering the Products to Defendant through Defendant's fulfillment vendor, Micro, in New Jersey.

52. By delivering the Products to Defendant, ICC had a reasonable expectation to be paid for the value of the Products in the approximate, aggregate amount of $308,490.37, exclusive of interest.

53. Defendant accepted and benefited from the provision of the Products by ICC, with full knowledge that ICC had provided Defendant with the Products and that ICC had issued the Invoices to Defendant based upon its provision of the Products to Defendant.

54. Accordingly, Defendant has obtained the benefit of ICC's rendering of services, namely, the provision of the cosmetic and personal care goods requested by Defendant, to Defendant.

55. By virtue of the foregoing conduct, Defendant is indebted to ICC in the aggregate total amount of $308,490.37, together with interest thereon.

**WHEREFORE,** Plaintiff ICC demands judgment as follows:

i) On the First, Second, and Third Claims for Relief: Entry of judgment in ICC's favor in an amount to be determined at trial, but in no event less than $308,490.37, together with interest thereon;

    ii)    Costs and attorney's fees; and

    iii)    That the Court grant Plaintiff ICC such other and further relief as it considers just and proper.

Dated: New York, NY
April 4, 2022

                    SICHENZIA ROSS FERENCE LLP

                    By: _____ /s/ *Owen A. Kloter* _____
                           Owen A. Kloter, Esq.
                           1185 Avenue of the Americas, 31st Floor
                           New York, New York 10036
                           (212) 930-9700
                           Email: okloter@srf.law

                           *Attorneys for Plaintiff Innovative Cosmetic Concepts, LLC*